21331. NATIONAL SURETY COMPANY *v.* RUNGE *et al.*

DECIDED FEBRUARY 16, 1932. REHEARING DENIED MARCH 2, 1932.

*Harry S. McCowen,* for plaintiff in error.

*McElreath & Scott,* contra.

LUKE, J.   National Surety Company brought suit against Harold Runge and L. J. Brumbelow for $1000 and interest, alleged to be due under an indemnity agreement which defendants executed and delivered to petitioner.   The petition alleges that Brumbelow Heating and Plumbing Company, a corporation, made a contract with Barge-Thompson Company for the furnishing of material and labor, and installation of all plumbing and heating for the residence of E. H. Inman, in accordance with plans and specifications; that in accordance with said contract the Heating and Plumbing Company gave to the Barge-Thompson Company a bond in the sum of $12,-500, signed by the National Surety Company, for the faithful performance of the Heating and Plumbing Company's contract; that the Brumbelow Heating and Plumbing Company, and L. J. Brumbelow and Harold Runge individually, executed an indemnity agreement in favor of the National Surety Company, agreeing to indemnify said surety company against any loss it might sustain as a result of executing the surety bond for the Heating and Plumbing Company; that before completion of its contract with Barge-Thompson Company, the Brumbelow Heating and Plumbing Company was adjudicated a bankrupt, and Barge-Thompson Company declared it to be in default and demanded a performance of the Heating and Plumbing Company's contract by plaintiff, National Surety Company; that plaintiff contracted with the Sanitary Plumbing Company to complete the contract of Brumbelow Heating and Plumbing Company, and paid the Sanitary Plumbing Company $1000 in addition to the balance of the contract price due by Barge Thompson Company; and the National Surety Company sues Brumbelow and Runge for. this $1000, alleged to be due by virtue of the indemnity agreement executed by defendants in favor of said Surety Company.

The defendants in their answer allege that "when the Brumbelow Heating and Plumbing Company discontinued work on the E. H. Inman job, there was still enough money due said company on its contract to complete said work according to said contract.   These defendants individually and separately offered to complete said job

according to the terms and conditions of the contract of Brumbelow Heating and Plumbing Company, for less than the amount due Brumbelow Heating and Plumbing Company by Barge-Thompson Company on said E. H. Inman job, and also to give a good and sufficient bond to guarantee faithful performance of its bid, but that the plaintiff in said case failed and refused to permit said defendants to complete said job and thereby save themselves from any loss or damage, and, arbitrarily and without any consideration of these defendants, employed Sanitary Plumbing Company to complete said work. These defendants plead said act on the part of plaintiff as a full and complete discharge of all alleged liability which these defendants might have been under by reason of any bond signed by the plaintiff for the benefit of Brumbelow Heating and Plumbing Company on the E. H. Inman job."

Verdict and judgment were rendered for the defendants; the plaintiff made a motion for a new trial, which was overruled; and on this ruling the plaintiff assigns error in its bill of exceptions.

The real issue involved was whether or not the National Surety Company acted in good faith in employing the Sanitary Plumbing Company to complete the contract of Brumbelow Heating and Plumbing Company at the figure paid said Sanitary Company, to wit $6,500. According to the evidence, this was the highest bid received by the National Surety Company, and each of the defendants offered to complete the contract of Brumbelow Heating and Plumbing Company for a less sum than was bid by the Sanitary Plumbing Company, and Runge offered a bond for the faithful performance of his contract. There was evidence that the work could be completed according to the original specifications for the balance due on the contract price, to wit $5573; and even including the changes and extras, which called for additional money, Runge's bid was only $5900. The fact that the National Surety Company received several bids on the work would indicate that it recognized that it had no right to give the work to anyone of its choosing regardless of cost; but the award of the contract to the highest bidder would indicate the contrary. While the indemnity agreement authorizes the National Surety Company to complete the contract, it does not give it the right to arbitrarily complete the contract and force the indemnitors to pay an arbitrary sum for the same. The National Surety Company was under a legal and moral

obligation to complete the work at the lowest figure that would consummate the work in accordance with the terms of the contract.

The evidence authorized the verdict for the defendants; the charge of the court, when read in its entirety, was fair, adapted to the issues, and not erroneous for any reason assigned; nor was it error to refuse to give the requested charge; and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*